IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BONELLA,<br><br>  Petitioner,<br><br> vs.<br><br>MICHAEL STAINER,<br><br>  Respondent. | No. C 12-2869 RMW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 10) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence imposed by the Superior Court of Contra Costa County. The court issued an order to show cause. In lieu of an answer, respondent has filed a motion to dismiss the petition as untimely and unexhausted. Although given an opportunity, petitioner has not filed an opposition. For the reasons stated below, the court GRANTS respondent's motion to dismiss the petition as untimely.

**I.   BACKGROUND**

In 2009, petitioner was convicted of two counts of lewd and lascivious conduct with a child under the age of fourteen. (Resp. Ex. A at 32.) Petitioner was sentenced to a term of eight years. (Id.) On June 25, 2010, the California Court of Appeal affirmed. (Id.) On September 15, 2010, the California Supreme Court denied review. (Id. at 2.)

On November 22, 2011, petitioner signed and filed a petition for writ of habeas corpus in

the California Supreme Court.  (Resp. Ex. B.)  On March 21, 2012, the California Supreme Court denied the petition.  (Id.)

On November 30, 2011, petitioner filed a petition for writ of habeas corpus in federal court in Bonella v. Stainer, No. 11-5738 RMW.  On June 5, 2012, the court dismissed the action for failing to pay the filing fee, and failing to state a claim for which relief could be granted.

On May 21, 2012, petitioner filed the instant petition.  See Houston v. Lack, 487 U.S. 266, 275-76 (1988).

**II.   DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  28 U.S.C. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired.  Gonzalez v. Thaler, 132 S. Ct. 641, 653-654 (2012).  Here, petitioner's conviction became final on December 14, 2010 – 90 days after the California Supreme Court denied direct review, when the time for filing a petition for writ of certiorari expired.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where

1  petitioner did not file petition for certiorari, his conviction became final 90 days after the
2  California Supreme Court denied review). Thus, petitioner had until December 14, 2011, to file
3  his federal habeas petition. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).
4  Petitioner's federal petition, filed on May 21, 2012, therefore, is untimely unless he is entitled to
5  statutory or equitable tolling.

6        The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during
7  which a properly filed application for State post-conviction or other collateral review with
8  respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, petitioner
9  is entitled to tolling from the date he filed his state habeas petition – November 22, 2011 – until
10 the date the California Supreme Court denied the petition – March 21, 2012. At that point,
11 petitioner had 22 days left in his statute of limitations, and needed to file his federal petition by
12 April 12, 2012. Petitioner's underlying petition, filed on May 21, 2012, is 39 days late.

13       Respondent points out that petitioner's earlier federal habeas petition would not have
14 stopped or tolled the tolling period because an application for federal habeas corpus review is not
15 an "application for State post-conviction or other collateral review" within the meaning of
16 § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 180-81 (2001). Thus, the running of the
17 limitation period is not statutorily tolled for the period during which a petition is pending in
18 federal court. Id. at 181.

19       Petitioner also does not demonstrate that he is entitled to equitable tolling. The Supreme
20 Court has determined that Section 2244(d) is subject to equitable tolling in appropriate cases.
21 Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling
22 only if he shows (1) that he has been pursuing his rights diligently, and (2) that some
23 extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal
24 quotation marks omitted). Once a petitioner is notified that his petition is subject to dismissal
25 based on AEDPA's statute of limitations and the record indicates that the petition falls outside
26 the one-year time period, the petitioner bears the burden of demonstrating that the limitation
27 period was sufficiently tolled under statutory or equitable principles. See Smith v. Duncan, 297
28 F.3d 809, 814 (9th Cir. 2002).

Here, petitioner was given notice that the petition was subject to dismissal, and was provided an opportunity to respond. However, petitioner has failed to present any argument as to what or how extraordinary circumstances stood in his way and prevented timely filing. Accordingly, the petition must be dismissed as untimely under 28 U.S.C. § 2244(d).[1]

**III.  CONCLUSION**

Respondent's motion to dismiss the petition is GRANTED. The instant petition is DISMISSED. The Clerk shall terminate all pending motions and close the file.

**IV.  CERTIFICATE OF APPEALABILITY**

For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED: _____

RONALD M. WHYTE
United States District Judge

---

[1] Because the court is dismissing the petition on timeliness grounds, it is unnecessary to address respondent's alternative argument that the claims are unexhausted.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH BONELLA,

        Plaintiff,

v.

MICHAEL STAINER et al,

        Defendant.

Case Number: CV12-02869 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 21, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Bonella G-56013
California Correctional Institution
PO Box 608
Fac.D/Drm 6/Bnk-45 Low
Tehachapi, CA 93581-0608

Dated: February 21, 2013

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk